# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2283

_____

| | | |
|---|---|---|
| Kim Horrocks, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Mechanical Breakdown | * | |
| Protection, Inc.; Mike Mandacina, | * | [UNPUBLISHED] |
| | * | |
| Appellees. | * | |

_____

Submitted: December 14, 2001

Filed: March 8, 2002

_____

Before LOKEN, RICHARD S. ARNOLD, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Kim Horrocks appeals from an adverse grant of summary judgment on her sex discrimination and retaliation claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.  We affirm.

Horrocks was employed as a Claims Auditor for Mechanical Breakdown Protection, Inc. (MBPI) from November 21, 1994, until December 24, 1998.  She alleges her co-employee, Brian Rodekopf, created a hostile work environment.  She

further asserts that when she complained about Rodekopf's behavior, MBPI retaliated against her by excluding her from a meeting, reducing her Christmas bonus, and terminating her employment. In response, MBPI maintains Horrocks was terminated due to her insubordination and excessive absenteeism.

The district court[1] granted MBPI's motion for summary judgment on both claims, concluding there were no genuine issues of material fact. On appeal, Horrocks claims there remain genuine issues of material fact concerning both her retaliation and sexual harassment claims. We review the district court's grant of summary judgment de novo. Maziarka v. Mills Fleet Farm, Inc., 245 F.3d 675, 678 (8th Cir. 2001). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, shows no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(c).

## I.      Horrocks's Retaliation Claim

A prima facie case of retaliation is established when the plaintiff supplies sufficient proof she engaged in protected activity, was subjected to an adverse employment action, and a causal connection existed between the two. Curd v. Hank's Discount Fine Furniture, Inc., 272 F.3d 1039, 1041 (8th Cir. 2001). The defendant may then rebut the plaintiff's case by advancing a legitimate, non-retaliatory reason for the adverse employment action. Rheineck v. Hutchinson Tech., Inc., 261 F.3d 751, 757 (8th Cir. 2001). If the defendant makes this showing, the plaintiff must demonstrate the defendant's proffered reason was a pretext for illegal discrimination. Id.

---

[1]The Honorable Fernando J. Gaitan, Jr., United States District Judge for the Western District of Missouri.

The district court rejected Horrocks's retaliation claim because she failed to present sufficient evidence to generate a question of fact connecting her protected activity to MBPI's adverse employment actions.[2] We agree. Horrocks lodged her first complaint in June, 1998, and then filed a second complaint in August or September, 1998. She was not terminated until December 24, 1998, after she missed several days of work unexcused, despite having been told future unexcused absences would not be tolerated. Her termination also occurred after a confrontational meeting with MBPI's Vice President. The reasons advanced by MBPI for Horrocks's termination were excessive absenteeism and insubordination.

Horrocks contends MBPI's reasons are pretextual. She points to the temporal proximity between MBPI's retaliatory conduct and her complaints. But we have recognized "[g]enerally more than a temporal connection between the protected conduct and the adverse employment action is required to present a genuine factual issue on retaliation." Kiel v. Select Artificials, Inc., 169 F.3d 1131, 1135 (8th Cir. 1999) (en banc). Nevertheless, the temporal connection here is weak. Horrocks did not complain after September 16, 1998. She was terminated on December 24, 1998. MBPI provided uncontradicted evidence that Horrocks accumulated more absences, and was insubordinate during that period. Because Horrocks has failed to come forward with any evidence to suggest MBPI's reasons were false, summary judgment on her retaliation claim was proper. See Sherman v. Runyon, 235 F.3d 406, 410 (8th Cir. 2000) (timing of discharge should be evaluated in light of other evidence or lack of evidence).

---

[2]Horrocks contends the following events constitute adverse employment actions: her exclusion from a "meeting," the reduced Christmas bonus, and termination. For purposes of the summary judgment motion, the district court assumed, without deciding, all three of these incidents are adverse employment actions. Similarly, we will assume, without deciding, these actions identified by Horrocks are all adverse employment actions for purposes of this appeal.

## II.     Hostile Work Environment Claim

To succeed on a sexual harassment claim for a hostile work environment, a plaintiff must show (1) she belongs to a protected group, (2) was subject to unwelcome sexual harassment, (3) the harassment was based on sex, (4) the harassment affected a term, condition, or privilege of employment, and (5) the employer knew or should have known of the harassment in question and failed to take proper remedial action.  Stuart v. Gen. Motors Corp., 217 F.3d 621, 631 (8th Cir. 2000).

The district court granted summary judgment on Horrocks's hostile work environment claim because she failed to present sufficient evidence to generate a fact question on elements four and five identified above.  While we are not so sure Horrocks failed to present sufficient evidence to raise a question of fact as to element four, we are sure she failed to present sufficient evidence to raise a question of fact as to element five.

Once an employee complains to her employer about sexual harassment by a coworker, "the employer is on notice and must take proper remedial action to avoid liability under Title VII." Hathaway v. Runyon, 132 F.3d 1214, 1223 (8th Cir. 1997). When assessing the propriety of an employer's remedial actions, the court may consider the amount of time that elapsed between the notice of the harassment and the remedial measures taken, including any disciplinary action against the harasser, or other options available to the employer such as employee training sessions.  See Stuart, 217 F.3d at 633.

After Horrocks complained about the harassment in June, 1998, an MBPI supervisor immediately spoke with Rodekopf (within 15-30 minutes of hearing the complaints) about Horrocks's complaints.  The supervisor instructed Rodekopf not to touch Horrocks again, to make sure he did not use any inappropriate or offensive

4

language with her, and made it clear future harassment would not be tolerated. Although Horrocks contends the harassment continued, she did not complain about Rodekopf again until late August, 1998, or early September, 1998. Thereafter, MBPI investigated Horrocks's allegations both through personal observation and through questioning Rodekopf and other employees. MBPI counseled Rodekopf about using inappropriate language on the telephone, temporarily moved Rodekopf within hearing of his supervisor, and ultimately erected a floor to ceiling partition so Horrocks could not hear Rodekopf's telephone conversations. The district court found it significant, as do we, that after the measures taken by MBPI to end the harassment, Horrocks made no further complaints.

Subsequent to her termination, however, Horrocks alleged she had been offended by Rodekopf's comments after September and before Thanksgiving. Apparently, Horrocks was offended by one of Rodekopf's telephone conversations during which he invited himself to dinner at a friend's house and stated he'd "rather have a hot babe, but it will be a warm meal." While this remark is juvenile and inappropriate in the workplace, it is hardly objectively offensive. Summary judgment on Horrocks's hostile work environment claim was proper. See Bailey v. Anchor Packaging, 216 F.3d 720, 720 (8th Cir. 2000) (affirming grant of summary judgment when employer initiated prompt and appropriate remedial action after employee lodged a harassment complaint).

The judgment of the district court is affirmed in its entirety.


A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT

5